**Ronald J. Clark**, OSB #880328
E-Mail: ron.clark@bullivant.com
**Bryana L. Blessinger**, OSB #084622
E-Mail: bryana.blessinger@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendants Travelers

**Robert M. Peterson**, CSB #100084
Admitted Pro Hac Vice
Email: rpeterson@ccplaw.com
**Michael C. Cooper**, CSB #114729
Admitted Pro Hac Vice
Email: mcooper@ccplaw.com
Carlson, Calladine & Peterson, LLP
353 Sacramento Street, 16th Floor
San Francisco, CA 94111
Telephone: 415.391.9411
Attorneys for Defendants Travelers

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FAIR HOUSING COUNCIL OF OREGON**, an Oregon nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**TRAVELERS CASUALTY AND SURETY COMPANY**, a foreign insurer;<br>**TRAVELERS CASUALTY AND SURETY** | Civil No. 3:15-cv-00925 SB<br><br>**DEFENDANT TRAVELERS HOME AND MARINE INSURANCE COMPANY AND TRAVELERS INDEMNITY COMPANY OF AMERICA'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |

TRAVELERS' MOTION FOR SUMMARY JUDGMENT

**COMPANY OF AMERICA**, a foreign insurer; **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**, a foreign insurer; **TRAVELERS HOME AND MARINE INSURANCE COMPANY**, a foreign insurer; **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**, a foreign insurer; **TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY**, a foreign insurer; **TRAVELERS INDEMNITY COMPANY**, a foreign insurer; **TRAVELERS INDEMNITY COMPANY OF AMERICA**, a foreign insurer; **TRAVELERS CASUALTY COMPANY**, a foreign insurer; **PROGRESSIVE INSURANCE CORPORATION, INC.**, an Oregon corporation, dba **LLOYD PURDY & CO.**, an Oregon assumed business name,

Defendants.

**THEIR MOTION FOR SUMMARY JUDGMENT**

ORAL ARGUMENT REQUESTED

TRAVELERS' MOTION FOR SUMMARY JUDGMENT

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

# TABLE OF CONTENTS

**PAGE**

CERTIFICATION ................................................................................ 1

MOTION ............................................................................................ 1

MEMORANDUM ................................................................................ 1

I. INTRODUCTION ........................................................................... 1

II. FACTUAL BACKGROUND .......................................................... 4

III. FHCO DOES NOT HAVE STANDING BECAUSE IT CANNOT ESTABLISH BOTH A DIVERSION OF ITS RESOURCES AND A FRUSTRATION OF ITS MISSION UNDER THE NINTH CIRCUIT STANDING TEST ................... 10

    A. FHCO Did Not Divert Its Resources In Order To Test Travelers ........................ 14

        1. FHCO Did Not Divert Resources From Its Monitoring Of Building Permits To Test Travelers, But Completed Such Monitoring Activities As Required By Its HUD Grant Obligations ........................... 16

        2. FHCO Did Not Divert Resources From Its Monitoring Of Advertising On Craigslist To Test Travelers Because It Had No Proposal or Funding To Conduct Such Monitoring .................................... 18

        3. FHCO Has No Evidence To Support Its Claim That It Diverted Resources From The Training Of Malia Bennett To Test Travelers ........ 19

        4. FHCO Has Not Undertaken Any Education And Outreach Activities To Counteract Travelers' Alleged Conduct .............................. 21

    B. FHCO Suffered No Drain On Its Resources Due To A Frustration Of Its Mission ........................................................................................... 23

IV. CONCLUSION .............................................................................. 26

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page i

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Fair Employment Council of Greater Washington, Inc. v. BMC Market Corp.*
  28 F.3d 1268 (D.C. Cir. 1994) ................................................................. 13

*Fair Housing Council of San Fernando Valley v. Roommate.com, LLC*
  666 F.3d 1216 (9th Cir. 2012) ........................................................ 12, 13, 22

*Fair Housing of Marin v. Combs*
  285 F.3d 899 (9th Cir. 2002) ................................................... 2, 11, 12, 16

*Fishing Rock Owners' Ass'n. v. Roberts*
  6 F.Supp.3d 1132 (D. Or. 2014) ................................................................ 1

*Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*
  528 U.S. 167 (2000) ................................................................................. 22

*Haro v. Sebelius*
  747 F.3d 1099 (9th Cir. 2013) .................................................................. 22

*Havens Realty Corp. v. Coleman*
  455 U.S. 363 (1982) ................................................................................... 2

*La Asociacion De Trabajadores De Lake Forest v. City of Lake Forest*
  624 F.3d 1083 (9th Cir. 2010) ...................................................... 11, 12, 13

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) ........................................................................... 11, 22

*Smith v. .Pacific Properties and Development Corp.*
  358 F.3d 1097 (9th Cir. 2004) ............................................................ 12, 13

*White v. Lee*
  227 F.3d 1214 (9th Cir. 2000) .................................................................. 22

*Yamada v. Snipes*
  786 F.3d 1182 (9th Cir. 2015) .................................................................. 22

**Statutes**

24 C.F.R. § 100.201(b) ................................................................................. 8

42 U.S.C. § 3602(h) ...................................................................................... 8

**Rules**

Fed. R. Civ. P. 30(b)(6) ................................................................................ 4

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page ii

## CERTIFICATION

Pursuant to Local Rule 7-1, counsel for Defendants Travelers Home and Marine Insurance Company and Travelers Indemnity Company of America (collectively, "Travelers") certify that they conferred in person with counsel for Plaintiff Fair Housing Council of Oregon ("FHCO"), as well as counsel for Defendant Progressive Insurance Corporation, Inc. ("Defendant Progressive"), and made a good faith effort to resolve the dispute. Plaintiff opposes the motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure 56, Travelers moves against Plaintiff FHCO for summary judgment on FHCO's standing to bring this action under the Federal Fair Housing Act (42 U.S.C. 3601 *et seq.*) and its Oregon counterpart (O.R.S. 659A.145, O.R.S. 659A.885).

## MEMORANDUM

## I. INTRODUCTION

Plaintiff Fair Housing Council of Oregon ("FHCO") brought this action against Defendants Travelers Home and Marine Insurance Company and Travelers Indemnity Company of America (collectively, "Travelers") under the Federal Fair Housing Act (42 U.S.C. 3601 *et seq.*) and its Oregon counterpart (O.R.S. 659A.145, O.R.S. 659A.885),[1] alleging Travelers violated those statutes by declining to offer homeowners insurance to testers posing as homeowners with Pit Bulls, which purportedly served as "assistance

---

[1] Oregon's fair housing law mirrors federal fair housing law and the analysis of the two laws is identical. *Fishing Rock Owners' Ass'n v. Roberts*, 6 F.Supp.3d 1132, 1138 n.1 (D. Or. 2014).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 1

animals" for the testers.    According to FHCO, Travelers' underwriting constitutes a discriminatory housing practice.  As discussed in Travelers' Opposition to FHCO's MSJ, Travelers has, for well over a decade, maintained an ineligible dog breed list because the ineligible dog breeds, including and especially Pit Bulls, present substantial risks of significant and severe loss according to Travelers' sound underwriting principles and actuarial data.

Travelers' Motion for Summary Judgment challenges FHCO's standing to pursue a discrimination claim against Travelers.  To have direct standing under the Fair Housing Act ("FHA"), an organization, like FHCO, must suffer a "distinct and palpable injury" as a result of a discriminatory housing practice.[2]  The Ninth Circuit has interpreted this injury causation requirement to mean that an organization has "direct standing to sue [when] it show[s] a drain on its resources from *both* a diversion of its resources *and* a frustration of its mission," as a result of the defendant's conduct.[3]  Travelers' Motion should be granted because the undisputed facts categorically demonstrate that FHCO cannot establish either prong of the Ninth Circuit's two-prong standing test.

As to the first prong of the test, FHCO contends that it diverted resources to conduct testing of Travelers to determine whether Travelers would insure homes with Pit Bull assistant animals, as discussed above.  FHCO's contention, however, cannot be true because it had made a prior commitment under a grant from the Department of Housing and Urban

---

[2] *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982).

[3] *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002), *cert. denied*, 537 U.S. 1018 (2002) (emphasis added).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 2

Development ("HUD"), to conduct such testing of insurers. Before it decided to test Travelers, FHCO had already committed itself under the HUD grant and associated funding to conduct testing of homeowner's insurers, such as Travelers. FHCO, therefore, did not divert any resources to test Travelers, but to the contrary, was required to do so by its funding obligations under its HUD grant.

FHCO's additional claim that it had to divert resources from three specific activities is also untrue. First, FHCO did not divert resources from its monitoring of building permits to test Travelers, as FHCO claims, but completed such monitoring activities in accordance with its grant obligations under the aforementioned HUD grant. Second, FHCO did not divert resources from its monitoring of advertising on craigslist, as it claims, because it had no proposal or funding to conduct such monitoring activity, and therefore, could not have undertaken such monitoring activity in any event. Third, FHCO has disclosed no evidence to support its claim that it diverted resources from the training of its enforcement coordinator, Malia Bennett, to test Travelers, nor could it have done so because FHCO was obligated to utilize Ms. Bennett to conduct the insurance testing of Travelers to fulfill its obligations under the HUD grant.

As to the second prong of the Ninth Circuit test for standing, FHCO cannot establish that it suffered a frustration of its stated mission to eliminate housing discrimination as a result of its decision to test Travelers because FHCO, as it professed, actually *advanced* its mission through the enforcement activities it conducted under its HUD Grant, which included the testing of Travelers. Furthermore, Travelers did nothing to FHCO's knowledge, to force, let alone prompt, FHCO to conduct such testing. For example, FHCO did not know the identity of a single disabled individual who had been denied homeowner's insurance by

TRAVELERS' MOTION FOR SUMMARY JUDGMENT

Travelers because he or she had a Pit Bull assistant animal, FHCO never received a complaint from any such disabled individual, nor did FHCO even have any understanding as to how many disabled homeowners in Oregon owned Pit Bull assistance animals.  FHCO, therefore, could not have incurred any injury to its stated mission due to Travelers alleged conduct.

For these reasons, as more fully discussed below, the undisputed facts demonstrate that FHCO cannot establish standing under the two-prong Ninth Circuit test.

## II.  FACTUAL BACKGROUND

FHCO is a private non-profit corporation in Portland, Oregon. (Complaint at ¶ 3 [Dkt. #1].)   FHCO alleges its mission statement is to address and eliminate illegal housing discrimination.  (Complaint at ¶ 3 [Dkt. #1].)  ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███  ██  ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[4] Pegge McGuire is FHCO's Rule 30(b)(6) designated witness on topics 1-14, and 47 set forth in Defendant Travelers' Notice of Deposition of Plaintiff Fair Housing Council of Oregon, Pursuant to Fed. R. Civ. P. 30(b)(6) (Declaration of Ronald J. Clark (hereinafter "Clark Dec."), Ex. C, McGuire depo. at 8:2-9:8 is Deposition Ex. 1), which includes topics relating to FHCO's expenses and claimed damages attributed to its testing of Travelers, FHCO's alleged diversion of resources caused by Travelers' conduct, and FHCO's purported drain on its resources because of its frustration of its mission.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 4



Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 5



Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 6



Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 7

██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████ ██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

---

[7] Under the FHA, handicap/disability means, *inter alia*, with respect to an individual, a physical or mental impairment that substantially limits one or more major life activities (see, 42 U.S.C. § 3602(h)) and "major life activities" includes functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working (see, 24 C.F.R. § 100.201(b)). To be an assistance animal, the hypothetical Pit Bull must assist in the disability-related need or alleviate one or more of the symptoms affecting the individual's emotional disability.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 8



<hr />

[9] Ms. Bennett refers to the non-control testers as the "protected class" testers.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 9



### III. FHCO DOES NOT HAVE STANDING BECAUSE IT CANNOT ESTABLISH BOTH A DIVERSION OF ITS RESOURCES AND A FRUSTRATION OF ITS MISSION UNDER THE NINTH CIRCUIT STANDING TEST

To establish standing, FHCO must demonstrate a "distinct and palpable injury" sufficient to satisfy Article III standing requirements under the FHA.  The parameters of this injury in fact requirement were addressed by the U.S. Supreme Court in *Havens Realty v. Coleman*, 455 U.S. 363 (1982).  *Havens* held that an organization can demonstrate a distinct and palpable injury if it proves a concrete and demonstrable injury to the organization's activities "with the consequent drain on the organization's resources," which "constitutes far more than simply a setback to the organization's abstract social interests."  *Havens, supra*, 455 U.S. at 379.  In *Havens*, a realty company and one of its employees were alleged to have



Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 10

engaged in racial steering in violation of the FHA.  The issue of standing was addressed by the Supreme Court in the context of a motion to dismiss.  The organization alleged that it suffered injury as a result of the purported steering, claiming that its counseling and referral services had been frustrated with a subsequent drain on its resources to counteract such alleged discrimination.  The Court held such allegations were sufficient to establish at *the pleading stage* that the organization had suffered injury in fact because defendants' steering practices perceptively impaired the organization's ability to provide its counseling and referral services to low and moderate income home seekers, and caused the organization to divert its resources to address defendants' steering activities. *Id.* at 379; see also, *Fair Housing of Marin, supra*, 285 F.3d at 903.  Significantly, the Court noted that the organization would still "have to demonstrate at trial that it has indeed suffered impairment in its role of facilitating open housing before it will be entitled to judicial relief." *Id.* at 379, n. 21.

The Supreme Court subsequently confirmed in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), that a plaintiff in opposing a summary judgment motion in contrast to a motion to dismiss, could not rest on the "mere allegations" of the complaint, but must set forth by affidavit "specific facts" establishing injury in fact. *Lujan, supra*, 504 U.S. at 561. The *Lujan* Court further reiterated the standing requirement that an injury be "concrete and particularized" as well as "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560.

Under the Ninth Circuit interpretation of *Havens* and its progeny, an organization establishes standing by demonstrating it suffered "***both*** a diversion of its resources ***and*** frustration of its mission." (emphasis added); *La Asociacion De Trabajadores De Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010) ("An organization suing

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 11

on its own behalf can establish an injury when it suffered 'both a diversion of its resources and frustration of its mission,'" quoting *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)); *Fair Housing Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012) ("We've held that an organization has 'direct standing to sue [when] it showed a drain on its resources from both a diversion of its resources and frustration of its mission," citing *Fair Housing of Marin v. Combs, supra*, 285 F.3d at 905); *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1105 (9th Cir. 2004).

The Ninth Circuit has also consistently held that standing must be established independent of the lawsuit filed by the plaintiff organization and that such organization "cannot manufacture [an] injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all." *Fair Housing Council of San Fernando Valley, supra*, 666 F.3d at 1219; *La Asociacion De Trabajadores De Lake Forest, supra*, 624 F.3d at 1088; *Fair Housing Council of Marin v. Combs, supra*, 285 F.3d at 903.

The Ninth Circuit has addressed the standing of organizations under the FHA, only in situations in which the record was underdeveloped.  For example, in *Fair Housing of Marin v. Combs, supra*, 285 F.3d at 905, the Ninth Circuit relied on the District Court's record, which appears to be based on the allegations in the organization's complaint and the organization's itemized damage claim submitted after the defendant's default, which, according to the Ninth Circuit, supported the District Court's finding that the organization suffered frustration of its mission by being forced to design, print and disseminate literature aimed at redressing the impact of the defendant's discrimination on the Marin housing market, and suffered resources being diverted to investigating and other efforts to counteract

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 12

the defendant's discriminatory conduct, above and beyond litigation. Similarly in *Smith, supra*, 358 F.3d at 1106, the Ninth Circuit addressed the issue of standing in the context of a Rule 12(b)(6) motion and concluded merely that the allegations in the complaint were sufficient to demonstrate standing, and specifically, a diversion of resources because the organization diverted its scarce resources from other efforts to promote awareness of – and compliance with – federal and state accessibility laws and to benefit the disabled community in other ways. In *La Asociacion De Trabajadores De Lake Forest, supra,* 624 F.3d, the Ninth Circuit denied standing to an organization which failed to allege any facts in its complaint that it was forced to divert resources because of the defendants' action, citing with approval *Fair Employment Council of Greater Washington, Inc. v. BMC Market Corp.*, 28 F.3d 1268, 1277 (D.C. Cir. 1994), which rejected the argument that a plaintiff organization has standing to sue based solely on its own decision regarding resource allocation, and requiring that the organization be forced to divert resources in order to avoid an injury caused by the defendant's alleged discriminatory conduct.    Finally, in *Fair Housing Council of San Fernando Valley, supra,* 666 F.3d at 1219, the Ninth Circuit summarily concluded that the organization had standing because it started new education and outreach campaigns targeted at the alleged discriminatory advertising and that the resources spent on those campaigns were not associated with litigation.

Here, in contrast to the records before the Ninth Circuit in the foregoing decisions, the record below is well developed and unequivocally establishes that FHCO lacks the requisite Article III injury in fact because it cannot show a drain on its resources from either, let alone both, a diversion of its resources or a frustration of its mission.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 13

**A.    FHCO Did Not Divert Its Resources In Order To Test Travelers**



Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 14



FHCO, therefore, did not divert resources to test Travelers, but to the contrary, had planned and proposed to do such testing in early 2013, well before it decided to test Travelers, and was required to complete that testing to comply with its Statement of Work obligations under its HUD Grant.

Notwithstanding the fact that the HUD documentation and Ms. McGuire's testimony confirm that the testing of Travelers was preordained by the HUD 1360 Grant, and not the result of any diversion of FHCO's resources, FHCO contends, without any supporting documentation, that its testing and investigation of Travelers required FHCO to divert



**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 15

resources from the following three purportedly planned activities: (1) monitoring building permit activity across Oregon in order to identify and investigate those multi-family unit construction projects that did not comply with FHA design and construction standards; (2) monitoring advertising on craigslist and other rental advertising media to identify language and practices that violate Oregon's source of income protections; and (3) devoting time to the training and professional development of its Enforcement Coordinator, Ms. Bennett. (FHCO's Responses to Defendant Traveler's First Set of Interrogatories, Response to Interrogatory No. 5 [Ex. I to Clark Dec.], and paragraph 19 of FHCO's Complaint [Dkt. #1].) Ms. McGuire's testimony, as FHCO's Rule 30(b)(6) designated person most knowledgeable on this diversion of resources subject matter, and the HUD documentation, disprove FHCO's alleged diversion of resources claims, as more fully addressed below. Finally, unlike the organizations in *Fair Housing of Marin v. Combs* and *Fair Housing Council of San Fernando Valley*, which diverted resources for education and outreach to counteract the alleged discrimination, FHCO has never undertaken any such education and outreach activities because of Travelers' alleged discrimination.

1.    **FHCO Did Not Divert Resources From Its Monitoring Of Building Permits To Test Travelers, But Completed Such Monitoring Activities As Required By Its HUD Grant Obligations**

FHCO did not divert any resources from its monitoring of building permits across Oregon in order to identify and investigate construction of multi-family units that did not comply with the FHA design and construction standard, but completed such activity as planned and required under its HUD Grant.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 16



Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 17

2.   **FHCO Did Not Divert Resources From Its Monitoring Of Advertising On Craigslist To Test Travelers Because It Had No Proposal or Funding To Conduct Such Monitoring**

FHCO did not divert resources, from its monitoring of advertising on craigslist for violations of Oregon's source of income protection, to test Travelers, because FHCO had no concrete plan nor funding to undertake such monitoring activity. ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ ██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████ ████████████████████████

████████████████████████████████████████

████████████████████

████████████ █████████████

█████████████████ ████████████████████████

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 18

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████  █████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████

In short, none of FHCO's resources were diverted from the craigslist advertising survey to test Travelers because there had not even been a proposal created by FHCO to perform such survey by the end of 2014, when the testing of Travelers had been completed, and no governmental entity was prepared to fund such advertising survey at that time, even if it had been proposed.

### 3.  FHCO Has No Evidence To Support Its Claim That It Diverted Resources From The Training Of Malia Bennett To Test Travelers

FHCO's claim, that it was unable to devote training and professional development of Ms. Bennett because of its testing of Travelers, is pretextual and unfounded for many reasons. ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 19



**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 20

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████    ███████████████████████████████████████

███████████████████████. FHCO's entire proposition that Ms. Callaghan was unable to

train Ms. Bennett solely because of the 19 hours Ms. Bennett spent on testing Travelers is not

only unsupported by any documents or testimony, but refuted by the HUD documentation,

Ms. McGuire's testimony, and common sense.

### 4.  FHCO Has Not Undertaken Any Education And Outreach Activities To Counteract Travelers' Alleged Conduct

Finally, to the extent FHCO asserts that it diverted resources for education and

outreach to counteract Travelers' alleged discrimination, such argument would similarly lack

any foundational support. ██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████    ████████████████

█    ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 21



It is well established that the elements of Article III standing, including injury in fact, must be satisfied at the time the complaint is filed. *Haro v. Sebelius*, 747 F.3d 1099, 1108 (9th Cir. 2013), citing *Lujan, supra*, 504 U.S. at 569, n. 4 ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. [citation omitted.] It cannot be that, by later participating in the suit, the State Department and AID retroactively created a redressability (and hence a jurisdiction) that did not exist at the outset."); *Yamada v. Snipes*, 786 F.3d 1182, 1203-1204 (9th Cir. 2015) ("The party invoking the jurisdiction of the court cannot rely on events that unfolded after the filing of the complaint to establish its standing."); *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000)



Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT

("Standing is examined 'at the commencement of the litigation,'" citing the United States Supreme Court decision in *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167 (2000).) FHCO's "anticipated future diversion of resources," which have not been incurred, and, therefore, indisputably had not been incurred at the time of FHCO's filing of its Complaint of this action, cannot be used by FHCO to establish standing.

**B.    FHCO Suffered No Drain On Its Resources Due To A Frustration Of Its Mission**

FHCO could not have suffered a frustration of its mission due to Travelers' conduct, because FHCO advanced its mission in 2014 in large part through the very enforcement activities it conducted under the HUD 1360 Grant, which activities included the testing of Travelers. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ FHCO, therefore, tested Travelers, as part of such enforcement activities to comply with its HUD Grant obligations and purportedly to further its mission, not frustrate it. FHCO cannot now genuinely claim that although it engaged in such enforcement activities under its HUD Grant to advance its mission, such activities simultaneously frustrated that same mission. For this reason alone, FHCO cannot establish it suffered any frustration of its mission.

Furthermore, FHCO must prove that its asserted drain on its resources due to a frustration of its mission was more than a setback to its abstract social interest; it must be a concrete and demonstrable injury to its mission. *Havens, supra,* 455 U.S. at 379. FHCO cannot meet its burden because its claimed injury to its mission is nothing more than an

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 23

abstract notion.

FHCO has no knowledge as to how Travelers' alleged conduct negatively impacted FHCO's purported mission of eliminating housing discrimination. ██████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████     ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████     Given FHCO's lack of information as to the hypothetical, postulated discrimination giving rise to its testing and its random selection of Travelers as the target of such testing, any purported injury to its mission due to Traveler' purported conduct could not be less concrete, nor more abstract.

FHCO further claims that its mission was hindered in its efforts to eliminate housing discrimination and ensure decent housing for persons regardless of disability (Complaint at ¶ 19 [Dkt. #1], Clark Dec. Ex. G, Bennett deposition Ex. 2) even though, as demonstrated above, FHCO's pursuit of Travelers under the HUD 1360 Grant, actually advanced its stated mission.  Additionally, FHCO could not have suffered a frustration of its mission at the time

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 24

it decided to test Travelers because FHCO was unaware of any impact Travelers' alleged conduct had on FHCO's purported mission. ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████    FHCO also alleges it "suffered further injury to its ability to assure rights to the important social, professional, business, economic, and political benefits of those associations that arise from living in a community tolerant of and integrated with disabled individuals" (Complaint at ¶ 19), which is nothing more than a boilerplate recitation of some setback to its purely "abstract social interests." *Havens, supra,* 455 U.S. at 379.████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

Finally, FHCO inexplicably asserts that it has been hampered in its ability to work with insurers in a trusting relationship to eradicate discrimination because it was "forced to litigate" this claim (Ex. 2, FHCO Complaint at ¶ 18, [Dkt. #1]), even though the decision to

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 25

file its Complaint was within its sole discretion. ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ ████████

████████████████████████████████████████████

████████    Given these concessions, FHCO cannot credibly argue that anything Travelers

did "forced" it to file the Complaint in this action.

## IV.    CONCLUSION

Travelers' Motion for Summary Judgment should be granted because FHCO cannot

establish *both* a diversion of its resources *and* a frustration of its mission under the Ninth

Circuit standing test.  The undisputed facts demonstrate that FHCO could not have diverted

resources to test Travelers because it was required to conduct such testing to comply with

and fulfill its obligations under the HUD 1360 Grant.  For this reason alone, the Court should

grant Travelers' Motion because FHCO cannot establish any diversion of resources as

required under the first prong of the Ninth Circuit standing test.  The additional reasons why

FHCO cannot establish a diversion resources *or* a frustration of its mission further bolster the

conclusion that FHCO lacks standing.

DATED:  June 29, 2016                    Bullivant Houser Bailey PC

By: */s/ Ronald J. Clark*
Ronald J. Clark, OSB #880328
Bryana L. Blessinger, OSB #084622
Telephone: 503.228.6351

Robert M. Peterson, CSB #100084
Admitted Pro Hac Vice
Michael C. Cooper, CSB #114729
Admitted Pro Hac Vice
Telephone: 415.391.9411

Attorneys for Defendants Travelers

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

TRAVELERS' MOTION FOR SUMMARY JUDGMENT
Page 26