IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FAIR HOUSING COUNCIL OF OREGON,** an Oregon nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> **TRAVELERS HOME AND MARINE INSURANCE COMPANY, a foreign insurer; TRAVELERS INDEMNITY COMPANY OF AMERICA, a foreign insurer; PROGRESSIVE INSURANCE CORPORATION, INC., an Oregon corporation, d/b/a LLOYD PURDY & CO., an Oregon assumed business name**, <br><br> Defendants. | Case No. 3:15-cv-925-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on December 2, 2016. ECF 118. Judge Beckerman recommended that the Court grant Defendants' Motions for Summary Judgment (ECF 84, 86) and deny Plaintiff's Motion for Partial Summary Judgment (ECF 57). Judge Beckerman also recommended that the Court enter judgment dismissing all claims against all Defendants.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed an objection. ECF 120. Plaintiff argues that Judge Beckerman incorrectly found that Plaintiff has not shown a diversion of its resources, and therefore, does not have standing to bring its claims. The Court has reviewed *de novo* those portions of Judge Beckerman's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendants' responses. The Court agrees with Judge Beckerman's reasoning regarding Plaintiff's failure to show a diversion of its resources and ADOPTS those portions of the Findings and Recommendation.

Plaintiff also filed a declaration by Hannah Callaghan, Enforcement Director of the Fair Housing Council of Oregon. ECF 121. The Magistrate's Act permits the Court to "receive further evidence" at its discretion. 28 U.S.C. § 636(b)(1); *see also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (concluding that a district "has discretion, but is not required" to consider new evidence when reviewing a magistrate judge's findings and recommendation *de novo*). In the declaration, Ms. Callaghan states that when Plaintiff began testing Defendants, Plaintiff "had not made any decision to pursue litigation against [Defendants]." ECF 121 ¶ 2.

At first glance, the supplemental declaration appears to contradict earlier statements made by Plaintiff's counsel in briefing and by Plaintiff's witnesses in depositions and declarations. *See, e.g.*, ECF 54 at 7 (counsel for Plaintiff stating that "[t]he purpose of the testing in each instance was to determine whether the subject of the test was complying with fair housing law

PAGE 2 – ORDER

and, if the testing revealed that the test subject was not in compliance, to commence litigation on the basis of the test results. Simply put, if Plaintiff was not considering pursuing litigation against the test subject, the documents at issue would not exist."); ECF 56 ¶ 5 (earlier declaration by Ms. Callaghan stating that the purpose of the tests was to determine whether Defendants were complying with the law and to commence litigation if the tests conclusively established that they were not). Here, Plaintiff offers no explanation for why its new evidence was not raised before Judge Beckerman, and the Court exercises its discretion not to consider the supplemental declaration. Even if the Court were to consider the supplemental declaration, it would not alter Judge Beckerman's finding that Plaintiff's testing investigation was "*exclusively* for the purpose of litigation, and therefore must be excluded from the standing analysis." ECF 118 at 10 (emphasis in original). The fact that Plaintiff had not made a decision to pursue litigation against Defendants when it commenced testing is consistent with Plaintiff's earlier statements that it would litigate if the tests revealed that Defendants violated the law. Presumably, Plaintiff would not litigate if the tests revealed that Defendants complied with the law.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ.

PAGE 3 – ORDER

P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Beckerman's Findings and Recommendation, ECF 118. Defendants' Motions for Summary Judgment (ECF 84, 86) are **GRANTED** and Plaintiff's Motion for Partial Summary Judgment (ECF 57) is **DENIED**.

**IT IS SO ORDERED.**

DATED this 10th day of January, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge